CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
MAR 14 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| BRADLEY R. KENDRICK,<br>Plaintiff, | Civil Action No. 7:11-cv-00099 |
| v. | **MEMORANDUM OPINION** |
| BOBBY D. RUSSELL,<br>Defendant. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Bradley R. Kendrick, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names Bobby D. Russell, Superintendent of the Western Virginia Regional Jail ("Jail"), as the sole defendant. Plaintiff alleges that jail officials are liable for another inmate's attempt to sexually assault him. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following facts in his complaint. In November 2009, plaintiff slept in his pod while an officer came by to tell another inmate to pack his belongings because the Jail was transferring the inmate to another facility. Although the officer was supposed to stay and watch the inmate pack, the officer left the pod. The inmate forced plaintiff to touch the inmate's genitals, plaintiff told the inmate to leave him alone, and plaintiff subsequently fell back asleep. The inmate returned, surprising plaintiff as he slept by pulling down plaintiff' boxers and unsuccessfully trying to penetrate him.

Plaintiff reported the incident, and the inmate was found guilty of sexual assault and attempted sodomy. Plaintiff now takes three different medications and suffers from anxiety

attacks, and he believes he will be medicated for the rest of his life because of the officer's mistake. Plaintiff argues that "the Jail is at fault because they should train the[] officers to follow protoc[o]l . . . ." (Compl. 6.) Plaintiff requests $20,000,000 as relief.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an

2

assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff fails to allege any facts that involve the defendant with either the inmate's acts or the officer's omissions. Plaintiff fails to allege that the officer actually violated a constitutional right, that the defendant failed to properly train the officer to the extent it constituted deliberate indifference, or that the failure to train actually caused the subordinates to violate the plaintiff's right. See City of Canton v. Harris, 489 U.S. 378, 388-92 (1989). Supervisory liability under § 1983 may not be predicated only on the theory of respondeat superior. See Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977). Section 1983 requires a showing of personal fault on the part of the defendant, either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982), abrogated on other grounds by Cnty. of Riverside v. McLaughlin, 500 U.S. 44 (1991). However, plaintiff fails to allege the defendant's involvement and states the officer acted in violation of the Jail's policy. Accordingly, plaintiff

fails to state a claim against the defendant upon which relief may be granted, and I dismiss the complaint without prejudice.

III.

For the foregoing reasons, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to plaintiff.

**ENTER**: This 14th day of March, 2011.

*Jackson L. Kiser*
Senior United States District Judge